Kirkpatrick, C. J.
— There are sundry errors in [68] the form of proceeding in this case, but I think there is also one which goes to the ground of the action itself.
The second reason assigned for reversal, is, in substance, that Woodmansie, as administrator of Penelope Woodmansie, had brought an action against Logan for a debt said to be due to the estate, before a justice at Freehold; that Woodmansie in that action became nonsuited; and that Logan, for the damages he had sustained by that prosecution, brought this action and obtained judgment. And upon inspecting the case filed, this reason appears to be well founded. The statement is, indeed, very vague and uncertain, but if anything [*] can be drawn from it, it is the train of facts set forth in this reason, and nothing more. There is contained in it, no pretense of Logan’s having been held to bail oppressively, or of his having been imprisoned, or any other special grievance.
Kow it is clearly established in our books, that for commencing a civil action, though without sufficient cause, no action on the case, for a malicious prosecution will lie. Every man is entitled to come into a court of justice, and claim what he deems to be his right; if he fails, he shall be amerced (according to the old principle) for his false claim; and the defendant is entitled to his costs; and with these he must be content. It was formerly held, it is true, that if a plaintiff procured the defendant to be held to excessive bail, or to be imprisoned for want of such bail, by any false declarations or representations, an action would lie against him for special damages on account of these false declarations or representations; but never, merely because he prosecuted an *88 action at law, in which he failed. And, indeed, now that the doctrine of bail is more precisely fixed by statute and in most cases it is put beyond the power of the plaintiff to oppress in this respect, (which too is eminently the case in justices’ courts,) it is much to be doubted, whether actions for malicious prosecutions in civil cases will lie at all. Be that however as it may, no such thing is pretended here. The action0 is grounded merely upon the plaintiff’s being nonsuited.
Scudder, for plaintiff.
The judgment must therefore, in my opinion, be reversed.
Rossell, J.[1]
Pennington, J.
— The state of demand does not contain a legal cause of action. The question respecting a malicious prosecution does not, in my opinion, arise in this cause. Proof cannot be gone into on trial, of [*] any matter not set out in substance in the state of [69] demand; for which reason I concur in reversing the judgment.
Judgment reversed.
Cited in Potts v. Imlay, South. 330.

 The reporter hath no memorandum of Justice Rossell's opinion in this cause; nor a recollection thereof, which he caD rely on.